UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PORSCHE DESRYS,

          Plaintiff,

      v.

TRADITIONAL MEDICINALS, INC.,

          Defendant.

Case No. 25-cv-07898-HSG

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 17

Pending before the Court is Defendant's motion to dismiss. *See* Dkt. No. 17 ("Mot."); Dkt. No. 41 ("Opp."); Dkt. No. 42 ("Reply"). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** the motion to dismiss.

## I. BACKGROUND

Plaintiff Porsche Desrys filed a putative class action lawsuit against Defendant Traditional Medicinals, Inc. in September 2025. *See* Dkt. No. 1 ("Compl."). Plaintiff alleges that "Defendant's herbal supplements claim to support, *inter alia*, joints, digestion, heart health, and even sleep," and are regulated by the FDA as "structure function claims." *Id.* ¶¶ 2–3. "[I]f a structure function claim is placed on the front panel of a supplement," the FDA requires that the same front panel include the following disclaimer: "These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure, or prevent any disease." *Id.* ¶¶ 5, 13 (emphasis omitted). Defendant allegedly failed to include these disclaimers on the same front panels as the structure function claims and thus violated the FDA's regulations. *Id.* ¶ 15. "As a result of Defendant's unlawful labeling," Plaintiff alleges that she "and members of the class paid a price premium for the [supplements]." *Id.* ¶ 18.

Plaintiff brings one claim for restitution under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"). *Id.* ¶¶ 66–75. She claims that Defendant's conduct was unlawful under the UCL, since it violated California's Sherman Law, Cal. Health & Safety Code § 110100, "which adopts all federal food labeling requirements." *Id.* ¶ 70.[1] Defendant moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See generally* Mot.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss for lack of subject matter jurisdiction. *See* Fed. R. Civ. Proc. 12(b)(1). The issue of Article III standing is jurisdictional and is therefore "properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). To meet the burden of establishing standing, plaintiffs must show that they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016).

## III.   DISCUSSION

Plaintiff alleges that "Defendant's unlawful conduct caused a financial injury to Plaintiff and other consumers because Plaintiff and other consumers paid a price premium as a result of Defendant's unlawful labeling of the Products." Compl. ¶ 26; *see also id.* ¶¶ 18, 73 (same). Defendant argues that "merely uttering the magic words 'price premium' with no plausibly alleged facts spelling out how a defendant's conduct caused the plaintiff to pay a premium, is insufficient to confer Article III standing." Mot. at 14 (emphasis omitted).

The Court agrees that Plaintiff has not adequately demonstrated Article III standing. While paying a price premium can be a cognizable Article III injury, Plaintiff "may [not] rely on a bare legal conclusion to assert injury-in-fact." *See Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th

---

[1] Plaintiff also originally sought injunctive relief and asserted an additional theory that Defendant's products "are unapproved drugs that cannot lawfully be introduced into interstate commerce under California's Sherman Law." Compl. ¶¶ 71, 75. Plaintiff states she is no longer pursuing this second theory or any injunctive relief. Opp. at 9 n.2, 22.

<em>United States District Court<br>Northern District of California</em>

Cir. 2011).  Instead, "at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element."  *Spokeo*, 578 U.S. at 338 (quotation omitted).  Plaintiff has not done so here, as she does not provide *any* factual basis supporting her conclusory claim that she paid a price premium because of Defendant's unlawful labeling.  She does not allege, for example, that she saw the front panel without the disclaimer or that she was otherwise misled by the packaging.  She does not allege any details about her motivations for purchasing the product, including any purported medicinal benefits.  She does not allege that this product was more expensive than comparable products with the disclaimer on the front panel.  And, more generally, it is entirely unclear to the Court what about Defendant's unlawful conduct Plaintiff believes caused her to pay more.[2]

This is inadequate to demonstrate injury in fact at the pleading stage, as multiple courts have concluded.  *See, e.g.*, *Castillo v. Walmart, Inc.*, No. 5:24-CV-06757-BLF, 2025 WL 1828465, at *4 (N.D. Cal. July 1, 2025) (noting that the plaintiff "has not put forth *facts* supporting her conclusory allegation that she paid a price premium," and a plaintiff does not meet their Article III "burden by making only conclusory statements unsupported by allegations of fact" (emphasis in original)); *Morehouse v. Apple, Inc.*, No. 25-CV-02988-NW, 2025 WL 3525573, at *2 (N.D. Cal. Dec. 4, 2025) (same); *see also Blackburn v. Etsy, Inc.*, No. CV 23-5711 PA (MARX), 2023 WL 9105662, at *4 (C.D. Cal. Oct. 12, 2023) ("Courts within the Ninth Circuit, when applying California law, have similarly concluded that a conclusory allegation of a price premium, without supporting well-pleaded facts, fails to satisfactorily allege standing under the applicable federal pleading standard.").[3]

---

[2] Given the current allegations, it is difficult to imagine that Plaintiff's price premium theory stems from anything *other than* deception, despite her fierce opposition to any such requirement, and her firm stance that she "has not brought . . . any claim grounded in fraud or deception."  Opp. at 14 n.7.  For example, Plaintiff alleges that placing the disclaimer on the front label is "particularly important" because Defendant "uses the brand name 'Traditional Medicinals,' which signals to consumers that the [supplements] are intended to act like 'medicine.'"  Compl. ¶ 44 (emphasis omitted).  This is fundamentally an allegation about consumer misunderstanding.  Ultimately, the Court does not prejudge Plaintiff's theory of harm here, but she must tell the Court what that theory actually is.

[3] Plaintiff tries to distinguish these cases, primarily for their "improper" reliance on an unpublished Ninth Circuit decision that cited New York law.  *See* Opp. at 15–17 (discussing

United States District Court
Northern District of California

In contrast, courts have found Article III standing requirements satisfied when a plaintiff alleged some facts supporting the claimed injury in fact. *See, e.g.*, *Horti*, 2023 WL 8613601, at *1 ("Plaintiffs fairly alleged that [the product] has a higher price than other comparable products and that plaintiffs chose to pay the premium based on [the defendant's] alleged misrepresentations.").[4] This is also true of every comparable case that Plaintiff cites. *See, e.g.*, *Swartz v. Dave's Killer Bread, Inc.*, No. 4:21-CV-10053-YGR, 2024 WL 4614551, at *3 (N.D. Cal. Sept. 20, 2024) (discussing allegation that plaintiff "paid a price premium for a product with an unlawful label to meet his child's nutritional protein needs"); *Sinatro v. Barilla Am., Inc.*, 635 F. Supp. 3d 858, 872 (N.D. Cal. 2022) ("Plaintiffs here expressly allege that they 'would not have purchased the Product[s], or would not have overpaid a premium for the Product[s'] purported Italian origin, had [they] known that the Challenged Representation was false . . . .'").[5][6]

It is telling that Plaintiff does not attempt to explain what her price premium theory is in her opposition, instead arguing extensively about what she is not required to plead. The Court does not here reach whether Plaintiff must plead reliance or deception, but she clearly must allege some basic facts outlining how she was injured.[7] Accordingly, the Court **GRANTS** Defendant's

*Naimi v. Starbucks Corp.*, 798 F. App'x 67 (9th Cir. 2019)). Those distinctions, if relevant at all, are significantly overstated. For example, *Castillo* cites to *Horti v. Nestle Healthcare Nutrition, Inc.*, No. 22-16832, 2023 WL 8613601 (9th Cir. Dec. 13, 2023), not *Naimi*. *See Castillo*, 2025 WL 1828465, at *4. While the district court in *Horti* had considered *Naimi*, the Ninth Circuit panel did not. And *Castillo* uses *Horti* as an example, not as the basis for its reasoning. Nevertheless, whatever the small distinctions, these cases stand for the commonsense conclusion that a plaintiff must plead *some* facts explaining their theory of injury in fact and causation.

[4] This is an unpublished memorandum decision that the Court considers for its persuasive value.

[5] *See also Ang v. Bimbo Bakeries USA, Inc.*, No. 13-CV-01196-HSG, 2018 WL 4181896, at *6 (N.D. Cal. Aug. 31, 2018) (discussing fact that plaintiff read and relied upon challenged labeling statements); *Bryan v. Del Monte Foods, Inc.*, No. 23-CV-00865-MMC, 2023 WL 4758452, at *2 (N.D. Cal. July 25, 2023) (same); *Li v. Amazon.com Servs., LLC*, 751 F. Supp. 3d 1138, 1144–45 (W.D. Wash. 2024) (same). Plaintiff's other cases are easily distinguishable. For example, Plaintiff cites *Franz v. Beiersdorf, Inc.*, 745 F. App'x 47 (9th Cir. 2018), which involved inapposite allegations that a plaintiff overpaid for a product that should not have been sold at all.

[6] Plaintiff is correct that Article III standing does not require that she allege the amount of the price premium. *See* Opp. at 16; *Biederman v. FCA US LLC*, 765 F. Supp. 3d 920, 951 (N.D. Cal. 2025) ("A requirement that plaintiffs plead the precise amount of an alleged overcharge goes well beyond the purposes of 9(b)."). The Court is not prescribing that level of specificity here.

[7] Even if Plaintiff is correct that "a plaintiff may rely on an overpayment theory of economic

motion to dismiss.[8]

## IV.   CONCLUSION

Defendant's motion to dismiss, Dkt. No. 17, is **GRANTED**, and all of Plaintiff's claims are **DISMISSED** with leave to amend.  Any amended complaint must be filed within 21 days of the date of this order.

**IT IS SO ORDERED.**

Dated:   5/18/2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

---

injury in a case that does not involve misrepresentations," she notably "does not allege that [the products] contained a hidden defect . . . or that [the products] w[ere] worth objectively less than what she paid."  *See McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 707 (9th Cir. 2020); Opp. at 17 (arguing that deception is not required to allege a price premium and Article III standing under *McGee*).

[8] While the Court's order is based on Article III standing, the Court notes that these same issues mean that Plaintiff has not adequately pleaded economic injury and statutory standing under the UCL.  In addition, while the Court does not reach this issue, it might find based on the current complaint that Plaintiff has not adequately alleged that she lacks an adequate remedy at law.  *See* Mot. at 22 (making this argument).  Plaintiff is correct that this Court has consistently held that "explicitly alleging the absence of an adequate remedy at law is sufficient at the pleading state." *Little Seeds Children's Ctr., Inc. v. Citibank, N.A.*, 815 F. Supp. 3d 891, 906 (N.D. Cal. 2025). But Plaintiff has not done so, instead stating that "Plaintiff and Class members *may be* irreparably harmed and/or denied an effective and complete remedy" if relief is not granted.  *See* Compl. ¶ 75 (emphasis added).  Plaintiff argues in her opposition that "Plaintiff has no other means of pursuing a legal remedy."  Opp. at 23.  The Court will be better able to assess this argument once it understands Plaintiff's legal theory of injury.  Plaintiff should clarify these allegations in any amended complaint.

5